UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re<br><br>DWIGHT GEORGE SULC,<br><br>Plaintiff.<br><br>1. DITECH FINANCIAL LLC<br><br>2. OCWEN LOAN SERVICING, L.L.C.<br><br>3. SHELLPOINT MORTGAGE SERVICING, LLC<br><br>4. BAYVIEW LOAN SERVICING, LLC<br><br>5. THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK MELLON, AS TRUSTEE (CWALT 05-00003CB)<br><br>6. HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE DEUTSCHE ALT-A SECURITIES, INC., MORTGAGELOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 05-00004 Bank USA,<br><br>7. MTGLQ INVESTORS LP | Case No. 18-12957-JDL<br><br>Chapter 13<br><br>Adversary Case No: 18-01093 |

**ANSWER OF DEFENDANT DITECH FINANCIAL LLC TO THE FIRST AMENDED COMPLAINT TO DETERMINE THE EXTENT AND VALIDITY OF LIENS ON DEBTOR'S REAL PROPERTY, FOR QUIET TITLE, AND FOR DECLARATORY RELIEF**

1

TMLF File No. 142550

Comes now, the secured creditor, Defendant DITECH FINANCIAL LLC, (hereinafter referred to as "DT"), by their attorney, THE MORTGAGE LAW FIRM, PLLC, and for their Answer to Plaintiff's First Amended Complaint to Determine the Extent and Validity of Liens on Debtor's Real Property, for Quiet Title, and for Declaratory Relief by the Debtor on October 15, 2018 (hereinafter referred to as "Complaint") states as follows:

All allegations not expressly admitted, denied, or otherwise pled below are hereby construed as denied.

## ANSWER

1. DT admits paragraphs 1, 2, 3, 4, 15, 21, and 23.
2. DT denies paragraph 29 and specifically the allegations incorporated therein from paragraphs 24 and 25 as relevant to DT.
3. DT is without sufficient information to admit or deny paragraphs 5, 6, 7, 8, 10, 11, 13, 14, 16, 18, 19, 20, 24, 25, 27, and 28; therefore, they are denied.
4. As to paragraph 9, DT admits that it is a creditor of Plaintiff that asserts a lien upon Plaintiff's real property. However, DT is without sufficient information to admit or deny the remaining allegations in paragraph 9.
5. To the extent paragraphs 12, 17, 22 and 26 recapitulate and incorporate previous paragraphs of the Complaint, DT incorporate the appropriate response(s) to the respective numerical paragraphs as set forth above.

## DEFENSES AND AFFIRMATIVE DEFENSES

By way of further answer, and without intending to shift the burden of proof at trial, DT asserts the following defenses and affirmative defenses:

1. <u>No Right to Relief</u>. DT denies that Plaintiff is entitled to any or all of the relief sought in Plaintiff's Prayer for Relief. DT is an oversecured creditor as it relates to the real property located at 1532 NW 30th, Oklahoma City, OK 73118.
2. <u>Failure to State a Claim</u>. Plaintiff has failed to state a claim against DT for which relief may be granted, and therefore the lawsuit should be dismissed.
3. <u>Estoppel</u>. Plaintiff is estopped to raise the alleged claims as a result of his acts and/or omissions.
4. <u>Good Faith</u>. At all times relevant to the Complaint, DT has acted in good faith and its actions were otherwise justified.

2

5. <u>Laches</u>.   The relief sought by Plaintiff is barred by the doctrine of laches.

6. <u>Reservation of Rights</u>.   DT presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses and hereby reserves the right to assert additional affirmative defenses in the event discovery indicates it is appropriate.

## **REQUEST FOR RELIEF**

Having fully answered the Complaint, DT asks the Court for the following relief:

1. For judgment in favor of DT, and against Plaintiff, providing that Plaintiff recovers nothing on account of the claims made in the Complaint, and dismissing each and every such claim with prejudice;

2. For award of DT's s reasonable attorneys' fees and costs to the extent permitted by contract and/or law;

3. For leave to amend DT's pleadings freely to conform to proof obtained during discovery or presented at trial; and

4. For such other and further relief as this Court may deem just and proper

Respectfully submitted,

Dated: November 2, 2018          THE MORTGAGE LAW FIRM, PLLC

*/s/ Sally E. Garrison*
Sally E. Garrison, OBA # 18709
Shane M. Riddles-Hill, OBA # 32013
THE MORTGAGE LAW FIRM, PLLC
101 Park Avenue, Suite 1300
Oklahoma City, OK 73012
Telephone: (405) 246-0602
Facsimile: (405) 698-0007
sally.garrison@mtglawfirm.com
shane.riddles-hill@mtglawfirm.com
Attorneys for DITECH FINANCIAL LLC

## CERTIFICATE OF SERVICE

This is to certify that I did, on this November 2, 2018, mail, *via* first class U.S. mail, a true and correct copy of the above and foregoing to:

Debtor
Dwight George Sulc
3321 N. Virginia Ave.
Oklahoma City, OK 73118

Attorney for co-defendants MTGLQ Investors LP and Shellpoint Mortgage Servicing, LLC
Matthew J. Hudspeth
Baer and Timberlake PC
4200 Perimeter Center Drive, Suite 100
Oklahoma City, OK 73112
*Service accomplished through Court's CM/ECF system.

Attorney for Debtor
Anita F Sanders
Anita F Sanders, Inc.
830 NW 10th
Oklahoma City, OK 73106-7218
*Service accomplished through Court's CM/ECF system.

*/s/ Sally E. Garrison*
Sally E. Garrison, OBA # 18709
Shane M. Riddles-Hill, OBA # 32013
THE MORTGAGE LAW FIRM, PLLC
101 Park Avenue, Suite 1300
Oklahoma City, OK 73012
Telephone: (405) 246-0602
Facsimile: (405) 698-0007
sally.garrison@mtglawfirm.com
shane.riddles-hill@mtglawfirm.com
Attorneys for DITECH FINANCIAL LLC